| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/Misc. |

Nestor Dutan,
*Plaintiff*

vs.

Trans Union LLC, Experian Information Solutions, Inc. Equifax Information Services, LLC, and LendingClub Corporation,
*Defendants*

**SUMMONS**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    333 South 7th Street, Suite 2450
    Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff

1

everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

     5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

     6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: December 3, 2021         **MADGETT & KLEIN, PLLC**

                                    /s/ Catrina E. Smith
                                    Catrina E. Smith
                                    Supervised Practitioner
                                    333 South Seventh St. Suite 2450
                                    Minneapolis, MN 55402
                                    (612) 470-6529 ext. 715
                                    Catrina.smith@madgettlaw.com

                                    s/ David J.S. Madgett
                                    David J.S. Madgett (#0390494)
                                    333 South Seventh St. Suite 2450
                                    Minneapolis, MN 55402
                                    (612) 470-6529
                                    dmadgett@madgettlaw.com

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/Misc. |

| | |
|---|---|
| Nestor Dutan,<br>*Plaintiff*<br><br>vs.<br><br>Trans Union LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, and LendingClub Corporation,<br>*Defendants* | **COMPLAINT** |

Plaintiff, by and through his attorneys, for his complaint against Defendants upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1. The following case highlights a broken collection system that leaves consumers with little to no power to combat blatantly false debts that cripple them from utilizing the credit system. In an effort to collect an invalid debt, Defendant LendingClub Corporation ("LendingClub") furnished false information to the major credit reporting agencies resulting in significant damage to Plaintiff's credit rating and has therefore intentionally harmed his ability to participate in the credit markets. Even after Mr. Dutan overcame the procedural hurdle of disputing this information with the CRAs[1], the CRAs incredibly ignored his requests entirely and their obligations under federal law.

---

[1] The FCRA removed a consumer's ability to take action for defamation under state law. This effectively allows for CRAs to defame individuals with regard to allegations they have not paid debts. The law created procedural hurdles that must be cleared (namely a pre-litigation dispute process) prior to initiating litigation.

3

As a direct result of Defendants' actions, Plaintiff's credit score has been decimated making it impossible for her to utilize any aspect of the credit system. Specifically, Plaintiff was denied for loans he otherwise would have received had there not been a derogatory mark on his credit report. To say Defendants have meddled in every aspect of Plaintiff's life is an understatement.

Worst yet, Defendants have repeatedly re-aged the false debt in an effort to circumvent Fair Credit Reporting Act protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually. This casted Plaintiff as a debtor presently owing money unable to meet his obligation and therefore an unworthy borrower who should not be lent money. Indeed, Plaintiff was denied credit on at least one occasion and fully expects to be denied in the future limiting how he utilizes credit and interacts with potential lenders, insurers, and service providers.

## STATEMENT OF JURISDICTION AND VENUE

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and the presumption of concurrent state court jurisdiction.

3. This Court similarly has original subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA"), which permits consumers to file suit in the courts of their respective states.

4. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## PARTIES

5. Plaintiff is an adult resident of Hennepin, Minnesota.

6. Defendant LendingClub Corporation is a foreign corporation and a professional "debt collector" as defined by 15 U.S.C. §1692a(6) and a furnisher of negative consumer data to major CRAs.

7. LendingClub is registered in Delaware with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

8. Trans Union, LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

9. Experian Information Solutions Inc. ("Experian") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Ohio: Experian has a service of process address listed as 1010 Dale St N. St Paul, Minnesota.

10. Equifax Information Services, LLC ("Equifax") is a nationally recognized consumer reporting agency ("CRA") registered as a Limited Liability Company in the state of Georgia. Equifax has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

11. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants all conducted business in the State of Minnesota and in the County of Hennepin.

**FACTS**

12. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by 15 U.S.C. §1692a(3) and § 1681a(c).

13. Defendant LendingClub is, and at all times mentioned herein was, a professional "debt collector" as defined by 15 U.S.C. §1692a(6).

5

14.     The Defendants Trans Union, Equifax, and Experian ("the CRAs") are consumer reporting agencies ("CRAs") as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) because the companies are in the business of assembling and analyzing consumer information before selling consumer reports to third parties.

15.     The CRAs prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information regarding the dates that the account was opened and last active, which are dates that significantly impact the credit score. Specifically, the last active date can make a derogatory account appear more recent that is accurate and thereby, effectively re-aging the account. Plaintiff alleges that this account could not have been last active in July 2019 or April 2019 as Defendants allege.

16.     Plaintiff promptly disputed the alleged debt with the CRAs.

17.     Specifically, Plaintiff sent all CRA Defendants such notices via certified mail on or about October 3, 2020.

18.     All three CRAS failed to respond to Mr. Dutan's dispute yet failed to delete the information as required by law.

19.     Various individuals seeking to lend to Plaintiff consulted Plaintiff's consumer reports containing the false information at issue.

20.     The direct result of the CRAs issuance of consumer reports to potential lenders containing the false information at issue has caused significant damage to the perceived reputation of Plaintiff and to his ability to borrow money, conduct commerce, and function within modern society.

21. Specifically, the CRAs' false reports have, to date, prevented Mr. Dutan from getting approved for a loan. This is just one of many ways that the CRAs' false reports have caused Plaintiff harm.

22. As a direct result of the CRAs' conduct, Plaintiff has suffered from increased stress, anger, frustration, anxiety and, the loss of the ability to borrow money on favorable terms and thereby loss of a means of improving his social and economic position.

23. LendingClub updated the account in question to reflect that the account was active in 2019, thereby attempting to circumvent Fair Credit Reporting Act (15 U.S.C. §1681c) protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually.

24. By attempting to collect a debt not authorized by law or contract, Defendant LendingClub violated 15 U.S.C. § 1692e(2).

25. By furnishing false information about Plaintiff to various consumer reporting agencies, Defendant LendingClub violated 15 U.S.C. § 1692e(8).

26. Despite the inaccuracies in the Alleged Debt, it remains on Plaintiff's credit report.

27. The direct result of Defendants false reporting was significant damage to Plaintiff's credit rating thereby making it impossible for Plaintiff to obtain favorable loans or any reasonably priced credit card.

28. As a result of Defendant LendingClub's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

29. Similarly, as a further result of Defendants' systematic failure to fulfill their statutory duties as CRAs and furnishers, Plaintiff suffered personal financial loss and loss of standing in the community.

30. Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

## APPLICABLE STATUTORY LAW

31. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in her or her report and that procedures exist to assure outdated information is not contained on consumer reports.

32. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

33. The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

34. Furnishers of information to CRAs must also comply with certain aspects of the Act. Section 623 of the FCRA, 15 U.S.C. § 1681s-2, addresses the duties of persons who furnish information to the CRAs. This section of the Act prohibits a furnisher from reporting any information to a CRA if the person knows or has reasonable cause to believe that the information is inaccurate.

35. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

36. Organizations "the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another", including law firms, must comply with the FDCPA. FDCPA Section 803, 15 U.S.C. § 15 USC 1692a.

37. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes the amount or character of the debt. FDCPA Section 807, 15 U.S.C. § 15 USC 1692f.

## FIRST COUNT

### Violation of Fair Debt Collection Practices Act

### (Against LendingClub)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. By engaging in the aforementioned behaviors, Defendant violated 15 U.S.C. § 1692d, e(2), e(8) e(11), f(1), and g.

40. As a result of Defendant's violations, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages and $1000 in statutory damages, together with all costs and attorney's fees incurred in bringing this action.

## SECOND COUNT
### Willful Noncompliance with the FCRA
### (Against All Parties)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The CRAs all willfully failed to comply with the requirements of FCRA, including but not limited to:

    a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

    b. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

    c. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

43. LendingClub similarly willfully failed to comply with the requirements of the FCRA, including but not limited to:

    a. failing to comply with the requirements of Section 623 including a) reporting information with actual knowledge of errors and b) continuing to report false information after notice from the consumer that the information was false and outdated.

44. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## THIRD COUNT
### Negligent Noncompliance with the FCRA
### (Against All Parties)

45.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.   The CRAs negligently failed to comply with the requirements of the FCRA, including but not limited to:

   a. failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

   b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

   c. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

47.   LendingClub similarly willfully failed to comply with the requirements of the FCRA, including but not limited to:

   a. failing to comply with the requirements of Section 623 including a) reporting information with actual knowledge of errors and b) continuing to report false information after notice from the consumer that the information was false and outdated.

48.   As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff and the class members seek damages in an amount to be determined by a jury.

## Jury Demand

49. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

    d. Injunctive relief prohibiting such conduct in the future;

    e. Reasonable attorney's fees, litigation expenses, and cost of suit; and

    f. Any other relief deemed appropriate by this Honorable Court.

Dated: December 3, 2021    **MADGETT & KLEIN, PLLC**

/s/ Catrina E. Smith
Catrina E. Smith
Supervised Practitioner
333 South Seventh St. Suite 2450
Minneapolis, MN 55402
(612) 470-6529 ext. 715
Catrina.smith@madgettlaw.com

s/ David J.S. Madgett
David J.S. Madgett (#0390494)
333 South Seventh St. Suite 2450
Minneapolis, MN 55402
(612) 470-6529
dmadgett@madgettlaw.com